COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Petty and Beales
Argued at Chesapeake, Virginia


DAGENHART SPRINKLER COMPANY AND
  CLARENDON NATIONAL INSURANCE COMPANY
                                              MEMORANDUM OPINION[*] BY
v.        Record No. 1225-11-1               CHIEF JUDGE WALTER S. FELTON, JR.
                                                    MARCH 20, 2012
ERIC B. HURST


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Robert C. Baker, Jr. (Dobbs & Baker, on brief), for appellants.

              Matthew H. Kraft (Matthew H. Kraft, P.L.C., on brief), for appellee.


       Dagenhart Sprinkler Company and its insurer, Clarendon National Insurance Company

(collectively "employer") contend that the Virginia Workers' Compensation Commission erred

in finding that Eric B. Hurst's ("claimant") ongoing and continuing need for lower back medical

treatment was caused by the work-related injury he sustained on January 25, 2000.  Employer

also argues that the commission erred in finding that the equitable doctrine of laches did not bar

claimant's request for authorization for continuing treatment.

                                    I.  BACKGROUND

       On an appeal from a decision of the Workers' Compensation Commission, we view the

evidence in the record in the light most favorable to claimant, the prevailing party before the

commission.  Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72, 577 S.E.2d 538, 539 (2003).

       Claimant sustained a compensable work-related back injury on January 25, 2000.  On

January 28, 2000, he was diagnosed as having sustained a lumbar strain as a result of that injury

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

at work. On April 4, 2001, following claimant's request for authorization to treat with an orthopedic physician, employer provided claimant with a choice of three medical provider groups, including Portsmouth Orthopedic Associates. On April 10, 2001, the commission entered an award authorizing treatment for claimant for his work-related lower back injury.

On June 26, 2001, Dr. Steven Blasdell, an orthopedist at Portsmouth Orthopedic Associates, examined claimant. Dr. Blasdell opined "within a reasonable degree of medical certainty" that claimant suffered from chronic lumbar strain and L5-S1 disc space narrowing as a result of the injury to his lower back on January 25, 2000. Approximately six months after his first visit to Dr. Blasdell, claimant attempted to see him for follow-up care. He was advised at Dr. Blasdell's office that employer denied authorization for his further treatment by Dr. Blasdell.

Thereafter, as a result of employer's denial of authorization for further treatment by Dr. Blasdell, claimant began treatment with other physicians through his personal health insurance.[1] Claimant also sought medical advice related to his lower back pain from his father, Dr. Charles Hurst, a general surgeon, from 2003 to 2008, and from his sister, Dr. Laura Steines, an emergency room physician, in 2007 and 2008.[2]

On August 13, 2009, claimant filed a claim with the commission for payment of prior and ongoing medical expenses related to his January 25, 2000 work-related back injury. Employer responded that claimant's request was not reasonable, necessary, or related to his January 25, 2000 work injury, that his claim was barred by laches, and that his claim for payment of prior medical expenses should be rejected as unauthorized.

---

[1] Claimant received treatment from Dr. John Wagner, Dr. Joseph Koen, and Dr. Martin Ton. Drs. Wagner and Koen diagnosed claimant as suffering from low back sprain, disc protrusion, degenerative lumbar spine disease, left radiculopathy, and left leg pain. Dr. Ton administered epidural steroid injections to claimant on two occasions.

[2] Drs. Steines and Hurst opined that claimant's pain was directly related to his initial back injury of January 25, 2000 and prescribed medication to treat claimant's pain as necessary.

In an opinion dated September 13, 2010, a deputy commissioner found that claimant's treatment for his work-related injury after treating with Dr. Blasdell in 2001 was unauthorized because he failed to first challenge employer's denial of treatment. The deputy commissioner denied payment for treatment of claimant's lower back injury by all unauthorized physicians. The deputy commissioner also found, however, that the medical evidence proved that claimant's ongoing symptoms were causally related to his January 25, 2000 occupational injury and that his claim was not barred by the equitable doctrine of laches. The deputy commissioner authorized ongoing treatment by Dr. Blasdell for claimant's work-related injury.

On review, the full commission unanimously affirmed, but modified, the deputy commissioner's decision. The commission affirmed the deputy commissioner's finding that the doctrine of laches did not bar claimant's claim. The commission found that claimant received "unauthorized treatment for seven years without requesting either payment from [employer] . . . or assistance from the [c]ommission." However, the commission also found "that in part the present situation was caused by [employer's] denial of continuing treatment by Dr. Blasdell, which led [claimant] to seek treatment from Dr. Wagner, Dr. Koen[,] and Dr. Ton." The commission affirmed the deputy commissioner's finding that claimant "presented . . . initial reports" and "current medical opinions" that "described the progressive nature of [claimant's] injury" and "substantiated causation." The commission modified that part of the deputy commissioner's decision that (i) denied payment to claimant's treating physicians after Dr. Blasdell and (ii) authorized ongoing treatment by Dr. Blasdell only. The commission ordered that employer "shall promptly offer to [claimant] a panel of orthopedic specialists from which to choose a treating physician and" shall pay "any deductibles and co-pays which [claimant] can demonstrate that he paid for treatment rendered by or at the direction of Dr. Wagner, Dr. Koen[,] and Dr. Ton." The commission did not order employer to pay for

treatment rendered by or at the direction of Drs. Steines and Hurst, claimant's sister and father. Employer timely filed this appeal.

## II. ANALYSIS

Employer asserts that the commission erred in finding that claimant's ongoing need for medical treatment was causally related to his January 25, 2000 work-related injury. Employer contends there was no credible evidence in the record to support the commission's finding. Employer also asserts the commission erred by not applying the doctrine of laches to bar claimant's request for authorization for prior and ongoing medical treatment, and contends it was prejudiced by claimant's failure "to secure medical treatment with the [e]mployer or the [c]ommission between 2001 and 2009."

We have reviewed the record and the commission's opinion and find that this assignment of error is without merit. Accordingly, we affirm for the reasons stated by the commission in its final opinion. See Hurst v. Dagenhart Sprinkler Co., VWC File No. 203-97-01 (May 24, 2011).

Affirmed.